UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN D. FRAZIER, #379628,

        Plaintiff,

                                  CASE NO. 2:19-CV-10844
v.                                HONORABLE GERSHWIN A. DRAIN

GLEN A. LINSLEY, et al.,

        Defendants.
_____/

## **OPINION AND ORDER DISMISSING THE CIVIL RIGHTS COMPLAINT**

### **I. INTRODUCTION**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Alvin D. Frazier ("Plaintiff") raises claims arising from his vision care while confined at the Cotton Correctional Facility ("JCF") in 2018. He alleges violations of his Eighth Amendment, First Amendment, due process, and equal protection rights. In particular, he complains that he was not given new glasses despite a change in his vision and that he was not given tinted glasses/solar shields to protect his vision. Plaintiff names Dr. Glen A. Linsley, JCF, Corizon, Nurse Laura P. Davenport, Renyu Xue, Student Dr. Nathan C. Traxler, Nurse Practitioner Kristin A. Austin, Nurse Abigail Burk, Nurse Michelle Couling, and JCF Healthcare Staff/Corizon Healthcare Providers as the defendants in this action. He sues the defendants in their official and personal capacities and seeks monetary damages and other appropriate relief. The Court has granted Plaintiff leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. §

1915(a)(1).

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even under this liberal pleading standard, the Court finds that the civil rights complaint is subject to dismissal.

First, Plaintiff's claims against JCF and JCF Healthcare Staff/Corizon Healthcare Providers (to the extent identified as a department and not the individually-named defendants) must be dismissed. A prison facility or department is not a "person" or legal entity subject to suit under 42 U.S.C. § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sep. 21, 2016) (ruling that a state prison and its "medical staff" were not subject to suit under § 1983); *Brooks v. Huron Valley Men's Prison*, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983); *accord Eads v. Tennessee*, No. 1:18-cv-00042, 2018 WL 4283030, *13 (M.D. Tenn. Sept. 7, 2018); *Murray v. Ohio Dep't of Corrections*, No. 1-14-cv-168, 2014 WL 1382401, *3 (S.D. Ohio April 8, 2014); *Solomon v. Clark*, No. 1:13-cv-470, 2013 WL 5522222, *7 n. 6 (W.D. Mich. Oct. 6, 2013). Plaintiff's claims against JCF and JCF

Healthcare Staff/Corizon Healthcare Providers must, therefore, be dismissed.

Second, Plaintiff's claims against defendants Corizon, Davenport, Austin, and Couling must be dismissed because Plaintiff fails to allege facts demonstrating the personal involvement of those defendants in unconstitutional conduct related to his vision care and the events giving rise to the complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 – and that liability cannot be based upon supervisory liability. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in misconduct to establish liability).

Any assertion that the above-named defendants (or any other defendant) failed to supervise an employee, should be vicariously liable for another's conduct, erred in processing paperwork or denying grievances, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff also does not allege facts showing that any injury he suffered is the result of a policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).

Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 against defendants Corizon, Davenport, Austin, and Couling.

Third, to the extent that Plaintiff asserts that defendant Couling or any other defendant violated his constitutional rights by denying his grievances, he fails to state a claim for relief. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). To the extent that Plaintiff is dissatisfied with the investigation of his complaints and the responses to his grievances, he fails to state a claim upon which relief may be granted in his complaint. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

Fourth, Plaintiff fails to allege sufficient facts to state an Eighth Amendment claim in his complaint. Plaintiff asserts that the defendants, particularly defendants Glen Linsley, Renyu Xue, Nathan Traxler, and Abigail Burk, failed to provide him with proper vision care in 2018 – namely by failing to provide him with updated prescription glasses and/or tinted lenses/solar shields. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires a prisoner plaintiff to show that prison official defendants acted with a reckless disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

Plaintiff makes no such showing here. He admits that he received vision care during the relevant time period, including eye exams and recommendations for treatment of his diabetes, which doctors believed was the cause of some of his vision problems. When there is an ongoing pattern of treatment, a prisoner's constitutional rights are generally not infringed. *See, e.g., Pate-El v. Gluch*, 848 F.2d 193 (Table), 1988 WL 49054, *1 (6th Cir. 1988); *accord Huff v. Manfredi*, 504 F. App'x 342, 345 (5th Cir. 2012); *Ali v. Howard*, 353 F. App'x 667, 671 (3d Cir. 2009). Plaintiff alleges no facts which show that the defendants ignored his problems, acted with deliberate indifference, or intentionally caused him injury or pain with respect to his vision.

While Plaintiff may disagree with the course of treatment provided and believe that he should have been given updated glasses or tinted lenses/solar shields during the relevant time period, he fails to show that the defendants acted unconstitutionally. *See Jennings v. Al–Dabagh*, 97 F. App'x 548, 550 (6th Cir. 2004) (prisoner's personal opinion that his care was substandard or that he was not given treatment he requested raises a claim of state law medical malpractice, not constitutionally defective medical care); *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003). The Supreme Court has ruled that decisions about whether to order additional diagnostic tests or to provide certain treatments are classic examples of the exercise of medical judgment and do not constitute cruel and unusual punishment. *Estelle,* 429 U.S. at 107. Additionally, it is well-settled that claims of negligence concerning a prisoner's medical treatment, *i.e.* medical malpractice, are not cognizable in a civil rights action under § 1983. *Id.* at 106; *see also Lewellen v. Metro. Gov't. of Nashville & Davidson Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994) (an "injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest" and does not state a claim under §1983). Plaintiff fails to allege facts which indicate that the defendants acted with deliberate indifference to his medical needs. He thus fails to state an Eighth Amendment claim in his complaint.

Fifth, Plaintiff fails to allege sufficient facts to state a First Amendment claim in his complaint regarding his ability to access the grievance procedure and/or the courts due to his vision problems. The fact that Plaintiff was able to file the grievances attached to his complaint (and this complaint) belies his claim that he has been unable to exercise his First

Amendment rights during the relevant time period. Moreover, as noted, there is no constitutional right to a prison grievance procedure. *Walker*, 128 F. App'x at 445; *Argue*, 80 F. App'x at 430. While prisoners have a constitutional right of access to the courts which the states have an affirmative duty to protect, *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977), a prisoner's right of access to the courts is limited to direct criminal appeals, habeas petitions, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). A plaintiff must also allege that the deprivation of his rights was the result of intentional conduct to state such a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence is insufficient to state an access to the courts claim under § 1983. *Sims*, 170 F. App'x at 957. In this case, Plaintiff fails to allege facts showing that he was prevented from filing a protected action, that he was prejudiced in such a case, and/or that any of the defendants intended to violate his First Amendment rights. He thus fails to state a First Amendment claim in his complaint.

Sixth, Plaintiff fails to allege sufficient facts to state a due process claim in his complaint. To state a procedural due process claim, a plaintiff must allege that he has a definite liberty or property interest which has been abridged without appropriate process.

*Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007); *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1108 (6th Cir.1995). Substantive due process "prevents the government from engaging in conduct that shocks the conscience...or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotations and citations omitted). To state such a claim, a plaintiff must allege that he has a constitutionally protected interest which has been deprived by arbitrary and capricious state action. *MSI Regency, Ltd. v. Jackson*, No. 09−4473, 2011 WL 3555419, *8 (6th Cir. Aug. 12, 2011). Plaintiff makes no such showing. Rather, his due process claim is purely conclusory. Conclusory allegations are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Therefore, Plaintiff fails to state a due process claim in his complaint.

Seventh, Plaintiff fails to allege sufficient facts to state an equal protection claim in his complaint. Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587−88 (6th Cir. 2004); *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992). Plaintiff makes no such factual allegations in his complaint. Prisoners are not members of a protected class for equal protection purposes, *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997), and Plaintiff fails to indicate with any

9

specificity how he has been treated differently from others who are similarly situated. As noted, conclusory allegations are insufficient to state a claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El*, 523 U.S. at 588. Plaintiff thus fails to state an equal protection claim in his complaint.

Lastly, Plaintiff's complaint against the defendants must also be dismissed in part on the basis of immunity. Plaintiff sues the defendants in their official capacities and seeks monetary damages as relief. The Eleventh Amendment, however, bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Eleventh Amendment immunity also applies to state employees who are sued for monetary damages in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Because the defendants are Michigan Department of Corrections employees sued in their

official capacities, they are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages against the defendants in their official capacities must therefore be dismissed.

### III.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint and that the defendants are entitled to Eleventh Amendment immunity as to Plaintiff's claims for damages against them in their official capacities. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint. The Court also concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: April 11, 2019

                                            s/Gershwin A. Drain
                                            HON. GERSHWIN A. DRAIN
                                            United States District Court Judge


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 11, 2019, by electronic and/or ordinary mail.

                                            s/Teresa McGovern
                                            Case Manager